UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

JORDAN S. JOSEPHSON and JORDAN S.
JOSEPHSON, M.D., P.C.,

         Plaintiffs,

 -against-

OXFORD HEALTH INSURANCE, INC., OXFORD
HEALTH PLANS (NY), INC., and OXFORD
HEALTH PLANS, LLC,

         Defendants.
———————————————————————X

**OPINION AND ORDER**

07-CV-2558 (SJF) (AKT)

FEUERSTEIN, J.:

I. Introduction

Plaintiffs Jordan S. Josephson ("Josephson") and Jordan S. Josephson, M.D., P.C., (collectively, "Plaintiffs") move pursuant to 28 U.S.C. § 1447(c) to remand this action to New York State court and to recover fees and costs related to this motion.

II. Facts

Jordan S. Josephson is a physician who has been licensed to practice medicine in New York since 1985.

Plaintiffs commenced this action against Defendants Oxford Health Insurance, Inc., Oxford Health Plans (NY), Inc. and Oxford Health Plans, LLC (collectively, "Oxford" or "Defendant") by filing a Summons with Notice in the Supreme Court of the State of New York, Nassau County, on January 9, 2007. The summons states that plaintiffs are is seeking damages for, *inter alia*, breaches of contract based upon Oxford's failure to pay claims submitted to it by Josephson and his patients

-1-

for services rendered by Plaintiffs to Oxford subscribers. Oxford provides health insurance benefit plans primarily in New York, New Jersey and Connecticut.

The Summons with Notice was served on Oxford on April 26, 2007. On May 7, 2007, Oxford served a Notice of Appearance and Demand for Complaint. On June 1, 2007, Josephson served a Complaint ("Compl.") alleging breaches of contract resulting from Oxford's allegedly wrongful failure and refusal to sufficiently reimburse Josephson for services that he provided to patients who were Oxford subscribers. (See Compl. ¶2).

On June 26, 2007, more than sixty (60) days after receipt of the Summons with Notice, Defendant filed a Notice of Removal to the United States District Court for the Eastern District of New York, claiming that plaintiffs' state common law claims are preempted by ERISA. See ECF Docket, Document No. 7, Notice of Removal ¶ 5). On July 27, 2007 the parties entered into a stipulation extending Plaintiffs' time to file their motion to remand.

A. The Law

Pursuant to 28 U.S.C §1441:

... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. §1446 provides:

[a] defendant ... desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal ...

28 U.S.C. §1447(c) authorizes a remand on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction. See LaFarge Coppee v. Venezolana De Cementos, S.A.C.A. 31 F.3d 70, 72 (2d Cir. 1994).

A party wishing to challenge the removal of an action may make a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction within thirty (30) days after the filing of the notice of removal. 28 U.S.C. §1447(c).

In determining whether remand is appropriate, all doubts should be resolved in favor of remanding the matter to the state court in which it was originally commenced. Frontier Ins. Co. v. MTN Owner Trust, 111 F.Supp.2d 376, 378 (S.D.N.Y. 2000); see also Lupo v. Human Affairs Int'l Inc., 28 F.3d 269, 274 (2d Cir. 1994).

Oxford bears the burden of demonstrating that its removal was proper. United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

1. Timeliness

Pursuant to 28 U.S.C. §1446(b):

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b). Failure to meet the thirty (30) day deadline for filing a notice of removal requires remand to state court.

The Summons with Notice, which Plaintiffs contend was an initial pleading, was served on

Oxford on April 26, 2007.

In New York, "[a]n action is commenced by filing a summons and complaint or summons with notice . . ." N.Y. C.P.L.R. § 304. N.Y. C.P.L.R. § 305(b) requires that:

> [i]f the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default.

N.Y. C.P.L.R. § 305(b).

A Summons with Notice constitutes an initial pleading for purposes of §1446(b) if it provides sufficient information for a defendant to ascertain intelligently the basis for removal. See Whitaker v. American Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001).

Oxford claims in its Notice of Removal that the Summons with Notice referred to claims by "unspecified" Oxford members, and that it has now determined that certain enrollees to whom Josephson provided services and for which Josephson seeks recovery are enrolled in employee welfare benefit plans governed by ERISA. However, since neither the Complaint, nor the Summons with Notice refer to specific Oxford members, Defendant's alleged basis for removal could have been asserted in response to Plaintiffs' Summons with Notice. Therefore, Oxford's removal was untimely.

2. ERISA

The test for a claim of ERISA preemption is whether "(1) ERISA pre-empts [sic] the state law cause of action because it a) "relates" to an employee benefit plan and b) is not exempted . . . and (2) if it is pre-empted [sic], the claim is within the civil enforcement provisions of ERISA" (citations omitted). Greenblatt v. Delta Plumbing & Heating Corp., 68 F.3d 561, 573 (2d Cir.

1995); see also Bracey v. Board of Educ. of City of Bridgeport, 368 F.3d 108 (2d Cir. 2004).

ERISA § 502(a) "creates a right of action only for participants, beneficiaries, and fiduciaries of benefits plans. If a plaintiff does not fit within these categories, he lacks standing to sue under ERISA." Dickerson v. Feldman, 426 F.Supp.2d 130, 134-5 (S.D.N.Y. 2006) (citing Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 139-40 (1985) and Nechis v. Oxford Health Plans, Inc., 421 F.3d 96 (2d Cir. 2005)).

Although Plaintiffs would have standing as an assignee of a beneficiary to bring a § 502(a) action against Oxford (Simon v. General Elec. Corp., 263 F.3d 176 (2d Cir. 20011), that fact does not mandate a finding of preemption. 29 U.S.C. 1132 (e)(i).

In addition, the Second Circuit has stated that "laws of general application" with only incidental impact upon ERISA plans are not preempted. Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 145-47 (2d Cir. 1989), cert. denied, 493 U.S. 811 (1989). "Laws that have been ruled preempted are those that provide an alternative cause of action to employees to collect benefits protected by ERISA, refer specifically to ERISA plans and apply solely to them." Id.

Since Plaintiff's common law and state Insurance Law claims are laws of general application, Plaintiff's claims are not preempted by ERISA.[1]

C.  Costs and Fees

28 U.S.C. §1447(c) provides that a court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. §1447(c).

---

[1] It is noted, that a state court action commenced by Defendant against Plaintiff, raising claims for breach of contract, unjust enrichment and fraud, and alleging that Josephson was not entitled to reimbursement for claims submitted to Oxford beginning in 1997, belies Defendant's claim of preemption.

> The goal of this provision is to deter improper removal . . . While the simplicity of [the removal] procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.

Circle Industries USA Inc. v. Parke Constr. Group, Inc., 183 F.3d 105, 109 (2d Cir. 1999).

Although Defendant's removal application was untimely, and Defendant's reliance upon the preemption doctrine is misplaced, it does not appear that Defendant's removal was made in bad faith, its arguments were objectively unreasonable, its intent to harass Plaintiffs, or to prolong or delay the litigation.

Based upon the facts of this case, the award of fees and costs is denied.

III. Conclusion

Based upon the foregoing, Plaintiffs' motion is granted only insofar as it seeks remand to the Supreme Court of the State of New York, Nassau County.

IT IS SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: March 11th, 2008
Central Islip, New York

Copy To:

Garfunkel, Wild & Travis, P.C.
111 Great Neck Road
Great Neck, N.Y. 11021

Attention: Roy W. Breitenbach, Esq.